

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

ELTON RIEARA,                                   :
                                                :
                    Plaintiff,                  :
                                                :
          vs.                                   :         CIVIL ACTION NO.: CV205-174
                                                :
Officer F. SWEAT, individually                  :
and in his official capacity,                   :
                                                :
                    Defendant.                  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed an action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). Defendant Sweat ("Defendant") filed a Motion to Dismiss, and Plaintiff filed a Response. For the reasons which follow, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff avers that Defendant filed a false disciplinary report against him in retaliation for his questioning Defendant about a racial comment he made and for filing administrative grievances against Defendant's co-worker. Plaintiff alleges that Defendant went to his cell after the prison's morning count and asked, "Eh Rieara, is there a problem with you people turning on the lights in here when I'm counting this unit?" (Compl., p. 5.) Plaintiff contends that he questioned Defendant about this statement because he interpreted it as a

AO 72A
(Rev. 8/82)

derogatory statement. In response, Plaintiff alleges that Defendant filed a false incident report against him for interfering with the prison's morning count.

Defendant contends that Plaintiff fails to allege that he suffered any physical injury, and pursuant to the Prison Litigation Reform Act ("PLRA"), his Complaint should be dismissed for failure to state a claim upon which relief may be granted. Defendant also contends that Plaintiff's claims against him in his official capacity should be dismissed because there is no Bivens cause of action against a federal official sued in his official capacity.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America

2

Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

Defendant asserts that Plaintiff's contention that he suffered mental and emotional injuries as a result of Defendant's alleged actions does not satisfy the physical injury requirement of the PLRA. As a result, Defendant avers, Plaintiff's Complaint should be dismissed.

Plaintiff contends that Defendant is attempting to shape his claims into a claim for a mental or emotional injury. Plaintiff states that he:

> is not asserting any such claim(s) for mental and emotional injuries: instead, Plaintiff is asserting claim(s) for deprivation, violation and damage of his (Plaintiff's) Constitutional rights under the U.S. Constitution's First Amendment Redress of Grievance Clause, Fifth Amendment Due Process Clause, and Equal Protection Clause of the Fourteenth Amendment, which violation[,] deprivation, and damage done to those Constitutional/Civil/Statutory rights of this Plaintiff, indeed, resulted, also in this Plaintiff sustaining irreparable/unforgettable emotional & psychological scars, from defendant's [sic] Sweat's 'evil acts' as set forth in the Complaint, and which 'evil acts' of the defendant Sweat attacked and damaged said Constitutional/Civil/Statutory rights of Plaintiff athand [sic].

(Doc. No. 8, ¶ 3.)

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v.

3

Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. A cause of action barred by this statute "is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice[.]" Id.

A review of Plaintiff's Complaint reveals that he is seeking compensatory and punitive damages to recover for "irreparable/unforgettable emotional and psychological scars" Plaintiff claims to have suffered as a result of Defendant's alleged violations of his constitutional rights. (Compl., p. 6.) It appears that Plaintiff is seeking recovery solely for mental and emotional injuries based on Defendant allegedly violating his constitutional rights. However, Plaintiff fails to allege that he suffered any physical injuries as a result of Defendant's actions, and thus, cannot recover for the mental or emotional injury he claims to have suffered. Because Plaintiff seeks recovery only for a mental or emotional injury and has not made a showing of any physical injury, he cannot sustain his cause of action against Defendant pursuant to section 1997e(e) of the PLRA.

It is unnecessary to address the remaining ground of Defendant's Motion to Dismiss.

4

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss (Doc. No. 7) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 27th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)