**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 MAR 16  A 10: 16

CLERK _L. LaVictoire_

ELTON RIEARA,                                 :
                                              :
                    Plaintiff,                :
                                              :
          vs.                                 :          CIVIL ACTION NO.: CV205-174
                                              :
Officer F. SWEAT, individually               :
and in his official capacity,                 :
                                              :
                    Defendant.                :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed an action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Plaintiff was permitted leave of the Court to file an Amended Complaint. Defendant Sweat ("Defendant") filed a Motion to Dismiss the Amended Complaint, and Plaintiff filed a Response. For the reasons which follow, Defendant's Motion to Dismiss should be **GRANTED**, in part, and **DENIED**, in part.

### STATEMENT OF THE CASE

Plaintiff avers Defendant filed a false disciplinary report against him in retaliation for his questioning Defendant about a racial comment he made and for filing an administrative grievance against Defendant's co-worker. Plaintiff alleges Defendant went to his cell after the prison's morning count and asked, "Eh Rieara, is there a problem with you people turning on the lights in here when I'm counting this unit?"

AO 72A
(Rev. 8/82)

(Amended Compl., p. 1.)  Plaintiff contends that he questioned Defendant about this statement because he interpreted it as a derogatory statement.  In response, Plaintiff alleges, Defendant filed a false incident report against him for interfering with the prison's morning count.

Defendant contends that Plaintiff fails to allege that he suffered any physical injury, and pursuant to the Prison Litigation Reform Act ("PLRA"), his Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.  Defendant asserts Plaintiff's Amended Complaint does not set forth a claim under the First, Fifth, Eighth, or Fourteenth Amendments.  Defendant also asserts Plaintiff cannot sustain his claim seeking an excessive amount of punitive damages. Defendant further asserts Plaintiff's claims against him in his official capacity should be dismissed because there is no Bivens cause of action against a federal official sued in his official capacity.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'"  Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996).  In making this determination, a court must construe the complaint in a light most favorable to the plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002).  Furthermore, all facts alleged by the plaintiff must be accepted as true.  Christopher, 536 U.S. at 406, 122 S. Ct. at 2182.

When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).   The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss.   Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)).   A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer.   See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

I.      **Plaintiff's Claims for Mental and Emotional Injury.**

Defendant contends Plaintiff does not allege in his Amended Complaint that he suffered any physical injury.  Defendant also contends that, to the extent Plaintiff seeks compensatory damages for an alleged constitutional tort violation that resulted solely in mental or emotional injury, his amended Complaint should be dismissed.

Plaintiff asserts he did not set forth in his amended Complaint any claim for mental or emotional injury.  Plaintiff also asserts Defendant's contention to the contrary is frivolous.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to

lose and excessive amounts of free time with which to pursue their complaints." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 976-79 (11th Cir. 2000)).  "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  <u>Id.</u> at 532.  A cause of action barred by this statute "is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice[.]"  <u>Id.</u>

It appears Plaintiff has amended his Complaint such that it is clear to the Court he is not seeking compensation for a mental or emotional injury.  However, to the extent Plaintiff has sought compensation based on a mental or emotional injury, that portion of Plaintiff's Complaint should be dismissed.

## II.    Plaintiff's Due Process Claims.

Defendant alleges Plaintiff admits in his Complaint that he received written notice of the charge against him, a hearing on the charge occurred 24 hours later, he was allowed to present testimony at the hearing, and he received a statement detailing the hearing officer's determination.  Thus, Defendant avers, Plaintiff received all of the process due to him, and he fails to set forth a violation of his Fifth Amendment right to due process.

Plaintiff contends that, despite the fact he received due process, his Fifth Amendment rights were violated because he was found not guilty of interfering with the taking of the count.  Plaintiff also contends the due process requirements are not met in situations involving the filing of a false incident report by a prison official.

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process.   Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings:  (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Wolff v. McDonnell, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935, (1974).

Plaintiff admits the Wolff requirements were met.  Therefore, Plaintiff's claim that Defendant violated his right to due process is without merit and should be dismissed. Equally without merit is Plaintiff's allegation that the hearing officer's finding that Plaintiff did not interfere with the taking of the count, as Defendant had alleged, shows a violation of his Fifth Amendment right to due process.  Simply because the hearing officer did not sustain the charge does not mean the disciplinary report Defendant filed against Plaintiff was false or fabricated; it just means the charge was not sustained.[1]

III.   **Plaintiff's Cruel and Unusual Punishment Claims.**

Defendant asserts Plaintiff failed to allege he knew of and disregarded an excessive risk to Plaintiff's health or safety by causing his placement in administrative

---

[1] Plaintiff collapsed his allegations that his constitutional rights were violated in each section of his Response to Defendant's Motion to Dismiss.  The Court declines to do the same and will instead discuss each alleged constitutional violation in the appropriate section of this Report.

AO 72A
(Rev. 8/82)

segregation and any attendant loss of privileges. Plaintiff counters that Sweat knew Plaintiff's placement in the special housing unit for "quite a long period of time" would subject him to not being able to sustain as healthy of a life as he could in open population for that period of time. (Doc. No. 44, p. 11.)

The Eighth Amendment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994) (citations omitted).

While the Court recognizes Plaintiff has a much lower burden to overcome in a Motion to Dismiss (as opposed to a Motion for Summary Judgment), this does not mean the Court will allow Plaintiff to stretch the law such that a completely unsubstantiated claim should be maintained. Plaintiff has set forth no facts whatsoever which would support his contention that Defendant's actions violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff was placed in administrative segregation for 24 days. He has no evidence that his placement in this unit aggravated an existing medical condition or that the living conditions in this unit were any different that those in the general population unit. Plaintiff's Eighth Amendment claims should be dismissed.

## IV.    Plaintiff's Fourteenth Amendment Claims.

As a matter of law, Plaintiff's Fourteenth Amendment claims against Defendant should be dismissed, because the Fourteenth Amendment applies only to states and state actors, not the federal government. Pinson v. Rumsfeld, 192 Fed. Appx. 811, 821

(11th Cir. 2006); see U.S. CONST. amend. XIV, § 1 (providing that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws").

## V.    Plaintiff's First Amendment Claims.

Defendant avers that Plaintiff states in his Amended Complaint that Defendant had to turn on the lights in his cell, because the lights being off in the cell interfered with Defendant's ability to take the count.  Defendant also avers he returned to Plaintiff's cell after completion of the count and asked Plaintiff if there had been a problem with turning on the lights, to which Plaintiff responded that Defendant's conduct was racially motivated.   Defendant alleges Plaintiff admits to the acts underlying the reason Defendant filed a disciplinary report against him for interfering with the taking of the count, and, accordingly, Plaintiff cannot sustain his retaliation claim.

Plaintiff asserts he did not admit to the acts with constituted the offense Defendant charged him with, unlike the plaintiff in the case Defendant cites in his Brief. Plaintiff also asserts Defendant filed a false disciplinary report against him because he (Plaintiff) had previously filed a grievance against one of Defendant's co-workers. Plaintiff further asserts his Amended Complaint states a claim against Defendant for the violation of his First Amendment rights.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted).  Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id.  A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of

his having filed a grievance [or lawsuits] concerning the conditions of his imprisonment."
Id.

Based on the pleadings before this Court, it appears that Plaintiff's retaliation claims should survive Defendant's Motion to Dismiss.  Plaintiff's Amended Complaint sufficiently sets forth facts indicating that Defendant may have filed a disciplinary report against Plaintiff as a retaliatory measure for Plaintiff having filed a grievance against Defendant's co-worker.  Defendant's citation to the Eighth Circuit's decision and another district court's decision misses the mark for two reasons.  First, the case law Defendant points to can be no more than persuasive authority in this Court.  Second, and more importantly, Plaintiff's retaliation claim appears to be based on the allegations in his Amended Complaint that Defendant filed a disciplinary report against him as retaliation for Plaintiff filing a grievance against Defendant's co-worker.  Even if the disciplinary report were completely false, as Plaintiff alleges, there appears to be a question at this point of the litigation as to whether Defendant's actions were motivated by his intent to retaliate against Plaintiff because Plaintiff had exercised his First Amendment rights on a previous occasion by filing a grievance against one of Defendant's co-workers.  This portion of Defendant's Motion to Dismiss should be denied.

**VI.    Plaintiff's Equal Protection Claims.**

Defendant contends Plaintiff fails to allege anything more than a conclusory allegation that Defendant discriminated against him because he was not born in this country.  Defendant asserts Plaintiff cannot sustain a claim for equal protection based on this conclusory allegation.

Plaintiff alleges Defendant did not charge white inmates with interfering with the taking of the count even though the lights in their cells were not turned on at the time. Plaintiff also alleges Defendant did not charge his cell mate, who is black and was born in this country, with interfering with the taking of the count. Plaintiff further alleges that, although he does not contend Defendant was aware of any distinction between his and his cell mate's places of birth, "any reasonable competent person could easily find (upon liberally construing the substance which Plaintiff's amended complaint is composed of) that . . . [he], in essence, rightfully is asserting that defendant Sweat purposefully and deliberately treated him (Plaintiff) differently from similarly situated white and black inmates." (Doc. No. 44, p. 19.)

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted).

At this stage in the proceedings, the Court must view all evidence in the light most favorable to Plaintiff. Given this, it appears the portion of Plaintiff's equal protection claim that white inmates were not written disciplinary reports even though they did not have the lights on in their cells at the time should not be dismissed. However, the portion of Plaintiff's equal protection claim that Defendant violated his rights by making a distinction between Plaintiff and his cell mate should be dismissed. There is no evidence before the Court that Defendant knew these two men were born in different countries.

**VII.    Plaintiff's Punitive Damages Claims.**

Defendant alleges that Plaintiff's request for punitive damages in excess of five (5) million dollars is not a request for relief which satisfies the dictates of Eleventh Circuit precedent.  Plaintiff contends his punitive damages request serves the purpose of punishing Defendant for his actions and to deter Defendant or other prison officials from engaging in similar acts in the future.

Punitive damages are a form of prospective relief under the Prison Litigation Reform Act of 1996.  Johnson v. Breedlove, 280 F.3d 1308, 1325 (11th Cir. 2002).  The availability of such relief is limited.  The Eleventh Circuit Court of Appeals has stated that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Id. at 1323-24 (quoting 18 U.S.C. § 3626(a)(1)(A)).    The Eleventh Circuit has determined that, within the meaning of section 3626(a)(1)(A):

> a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . . such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so. Many factors may enter into that determination. For example, the number of excessive force violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations.

Id. at 1325.

While the undersigned agrees that the awarding of punitive damages in the amount Plaintiff seeks may be violative of Eleventh Circuit precedent, it would be improper for the Court to dismiss Plaintiff's request for these damages. The awarding of punitive damages is a determination for the trier of fact at trial. If an award of punitive damages is made, the Court can then review the punitive damages award to determine the reasonableness of said award. This portion of Defendant's Motion should be denied.

**VIII.   Plaintiff's Claims Against Defendant in his Official Capacity.**

Defendant contends Plaintiff's claims against him in his official capacity should be dismissed, as he is not subject to suit in his official capacity under Bivens. Plaintiff responded that, even if Defendant's contention is correct, his claims against Defendant in his individual capacity should be sustained.

A lawsuit against a prison official in his official capacity is no different from a suit against the government itself; such a defendant is immune. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 69, 122 S. Ct. 515, 520-21, 151 L. Ed. 2d 456 (2001); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Thus, Plaintiff's claims against Defendant in his official capacity should be dismissed.

**CONCLUSION**

Based on the foregoing reasons, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss (Doc. No. 36) be **GRANTED**, in part, and **DENIED**, in part. Plaintiff's claims alleging: a mental or emotional injury, a violation of his right to due process, a violation of his right to be free from cruel and unusual punishment, a violation of his

Fourteenth Amendment rights, a violation of Plaintiff's right to equal protection because Defendant did not file a disciplinary report against his cell mate, and any cause of action against Defendant in his official capacity should be **DISMISSED**.  Plaintiff's claims that Defendant retaliated against him, that Defendant violated his right to equal protection by not filing disciplinary reports against white inmates, and that he is entitled to punitive damages should remain pending.

SO **REPORTED** and **RECOMMENDED**, this ___16___ day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE